IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTEN ENG,<br><br>    Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL BANK, et al.,<br><br>    Defendants. | No. C 09-02673 WDB<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN PART AND REMANDING REMAINING STATE LAW CLAIMS |

## I. Introduction and Procedural History

On April 28, 2009, Plaintiff Martin Eng (appearing *pro se*) sued Washington Mutual Bank, JP Morgan Chase Bank ("JP Morgan"), Buckley Real Estate, Inc., Sean Buckley, Quality Loan Service Corp., PLM Lenders Services, Daniel Y. Wing, and 100 Does. Plaintiff's Complaint alleges nine causes of action for: (1) breach of contract; (2) "consumer loan provisions" (Compl. at ¶¶18-24); (3) unfair business practices (*id.* at ¶¶25-33); (4) fraud (*id.* at ¶¶34-44); (5) violation of good faith and fair dealing (*id.* at ¶¶45-47); (6) violation of the Truth in Lending Act (*id.* at ¶¶48-54); (7) intentional infliction of emotional distress (*id.* at ¶¶55-58); (8) injunctive relief (*id.* at ¶¶59-61); and (9) accounting (*id.* at 62-63). The title page of the Complaint lists five additional causes of action that are *not* referenced or set forth in the body of the Complaint, including (a) declaratory relief; (b) quiet title; (c) violation of the "Real-estate Procedures Settlement Act" ("RESPA") (cited as 15 U.S.C. §1601); (d) violation of "Rosenthal Fair Debt Collection Practices Act"; and (e) cancellation of instrument.

On June 17, 2009, the case was removed to federal court on JP Morgan's notice, on the sole ground that Plaintiff alleges violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §1610 *et seq*.

On June 24, 2009, Defendant JP Morgan moved to dismiss. Plaintiff Eng did not file an opposition. On July 16, 2009 (one day after Plaintiff's opposition was due), Mr. Eng called chambers and indicated that he would file an opposition. Also on July 16, 2009, JP Morgan filed a Reply Memorandum stating that it had not received an opposition to the motion to dismiss.

On July 17, 2009, Mr. Eng filed a motion to remand and "opposition to Defendants' removal of action to federal court," set for hearing on September 9, 2009. On July 20, 2009, Mr. Eng filed an ex parte application, seeking to delay the hearing date on the motion to dismiss until September 9, 2009. On July 21, 2009, JP Morgan opposed the ex parte application and, on July 31, 2009, the Court denied the application. To date, Mr. Eng has not filed any opposition to JP Morgan's motion to dismiss, nor has he addressed any legal issues pertinent to the motion to dismiss in his other filings.

On July 27, 2009, co-defendants Sean Buckley and Buckley Real Estate, Inc. (collectively, "Buckley"), filed a Case Management Statement and their Answer to Mr. Eng's Complaint, which had been previously filed in California Superior Court. On July 30, 2009, Mr. Eng and JP Morgan filed a Joint Case Management Statement. On August 5, 2009, Mr. Eng (appearing *pro se*), and JP Morgan and Buckley (through counsel) appeared at the hearing on JP Morgan's motion to dismiss. All of the aforementioned parties have consented to proceed before a United States Magistrate Judge.

**II.   Analysis**

   A.   *The Claim Arising Under Federal Law*

Under the Truth in Lending Act ("TILA"), when the borrower's principal dwelling secures a loan made in a consumer credit transaction, the borrower may rescind the loan agreement if the lender fails to deliver certain forms or to disclose important terms accurately. *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). Under TILA, a borrower

has two remedies for a loan disclosure violation.  *First*, TILA grants a borrower the right to rescind any credit transaction in which a security interest is created in the borrower's home. 15 U.S.C. §1635.  *Second*, TILA grants a borrower a right to civil damages. 15 U.S.C. §1640.

A plaintiff must bring a TILA claim <u>for damages</u> within one year "from the date of the occurrence of the violation." 15 U.S.C. §1640(e); *see also Montoya v. Countrywide Bank, F.S.B.*, No. C09-00641JW, WL 1813973, at *4-5 (N.D. Cal. June 25, 2009).  Courts calculate the "date of the occurrence of the violation" from the date the loan documents were signed. *Costantini v. Wachovia Mortg. FSB*, No. 2:09CV0406-MCE-DAD, 2009 WL 1810122, at*2-3 (E.D.Cal. June 24, 2009) (dismissing TILA damages claim as time-barred),  citing *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir.2003) (upholding dismissal of TILA damages claim and calculating the date of "the occurrence of the violation" from the date of "the promissory note and Deed of Trust on the subject property").

Mr. Eng clearly seeks civil damages under TILA.  *See* Compl. at ¶54 ("By reason of the aforesaid [TILA] violations ... defendant is liable to plaintiff in the amount of twice the finance charge, actual damages to be established at trial, and attorneys fees and costs...."). Equally clearly, Mr. Eng's TILA damages claim is time-barred because the deed of trust on the subject property is dated June 28, 2005 (*see id.* at ¶¶8, 15, 19, 26), and Mr. Eng filed his complaint on April 28, 2009.

A plaintiff must bring a TILA claim <u>for rescission</u> within three years "after the date of consumation of the transaction or upon sale of the property, whichever occurs first[.]" 15 U.S.C. §1635(f); *see also Montoya*, 2009 WL 1813973, at *4-5 (dismissing TILA claim with leave to amend).  The Supreme Court unequivocally held that §1635 "completely extinguishes the right to rescission at the end of the 3-year period."  *Beach*, 523 U.S. at 412.

It is unclear whether Mr. Eng seeks rescission of the subject loan.  Although the TILA-specific paragraphs in the Complaint do not mention rescission, the Prayer for Relief seeks "an order and judgment declaring the deed of trust to the subject property null and void, and reverting all title of the property to the plaintiff, effective immediately."  Compl. at

3

p. 12. However, even if Mr. Eng *is* seeking rescission, that claim is also time-barred because the transaction at issue occurred on June 28, 2005, clearly more than three years before he filed the Complaint. *See* Compl. at ¶¶8, 15, 19, 26; *Costantini*, WL 1810122, at*2-3 (dismissing TILA damages claim as time-barred).

Mr. Eng has not filed an opposition to the motion to dismiss, and has not presented orally or in any written submission any facts that might justify equitable tolling. Accordingly, Mr. Eng's TILA claim is dismissed.[1]

B.   *Claims Arising Under State Law.*

Mr. Eng's surviving claims arise under California state law. Where, as here, removal was originally based on a federal claim, and all federal claims have been eliminated, "[i]t is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court." *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir.1991); *see also* 28 U.S.C. § 1447(c); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988). Generally, it is "preferable for a district court to remand remaining pendent claims to state court...." *Herrell*, 934 F.2d at 205. The court should consider "what will best accommodate the values of economy, convenience, fairness, and comity" in determining whether to remand or retain jurisdiction. *Id.*

Here, remand is most appropriate. *First*, the remaining claims are pure state law claims with no connection to federal law. *Second*, state courts are better equipped to handle state claims. *Third*, this case only recently was removed to federal court, and is still in its

---

[1] The caption of Mr. Eng's complaint appears to indicate that his sixth claim is for violations of the RESPA statute, which governs illegal kickbacks by lenders to brokers. *See* 12 U.S.C. § 2607(a)-(c); *Bjustrom v. Trust One Mortgage Corp.*, 322 F.3d 1201, 1204 (9th Cir. 2003). However, the complaint does not mention RESPA again, and it does not set forth allegations of illegal kickbacks. (In fact, the portion of the caption that references RESPA cites a different statute – the Consumer Credit Protection Act, 15 U.S.C. §160 – not the RESPA statute.) It appears highly unlikely that Mr. Eng is actually attempting to state a claim under RESPA. Regardless, Mr. Eng has failed to state a claim for relief under RESPA, particularly given the recently-heightened pleading standards articulated by the Supreme Court. *See Moss v. U.S. Secret Service*, _ F.3d _, 2009 WL 2052985, at *6 (9th Cir. 2009) ("for a complaint to survive a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing *Ashcroft v. Iqbal*, 129 S.Ct 1937 (2009)). To the extent Mr. Eng attempts to make a RESPA claim, such claim is dismissed.

4

beginning stages. *Fourth*, remand certainly will not inconvenience Mr. Eng, who originally filed in state court and now seeks remand. *Fifth*, although JP Morgan filed a motion to dismiss in federal court, much of the analysis in JP Morgan's papers should apply in a California demurrer procedure. *Sixth*, because the Court has only reviewed JP Morgan's motion to dismiss and Mr. Eng's motion for remand, the Court has not expended substantial federal resources on this case. *See, e.g., United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."); *Fichman v. Media Center*, 512 F.3d 1157, 1163 (9th Cir. 2008) (district court did not abuse its discretion in declining to exercise jurisdiction over state law claims and remanding after eliminating sole federal claim on summary judgment); *Carias v. Lenox Financial Mortg. Corp.*, No. 07-0083 SC, 2008 WL 618917, at *2-3 (N.D. Cal., Mar. 5, 2008) (remanding remaining state claims after eliminating plaintiffs' only federal claim (RESPA) on summary judgment), *Shilling v. Northwestern Mut. Life Ins. Co*, 423 F. Supp.2d 513, 520-21 (D. Md. 2006) (declining to exercise jurisdiction where court did not expend substantial federal resources on the case and remand did not inconvenience the parties). Accordingly, Mr. Eng's remaining state claims are remanded.

IT IS SO ORDERED.

Dated:   August 20, 2009                          _____
                                                  WAYNE D. BRAZIL
                                                  United States Magistrate Judge